IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM WILLIAMS,

        Appellant,

v.                                                                                  Case No.  5D14-3543

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed February 17, 2017

Appeal from the County Court
for Volusia County,
Belle B. Schumann, Judge.

Eric A. Latinsky and Aaron D. Delgado, of
Damore, Delgado & Romanik, Daytona
Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

## ON REMAND FROM THE FLORIDA SUPREME COURT

Factual Background

      William Williams was arrested for driving under the influence, and was
subsequently asked to undergo a breath-alcohol test to determine his blood-alcohol
content, which he refused to do. Williams was then issued five uniform traffic citations,

including a citation for refusal to submit in violation of section 316.1939, Florida Statutes (2013). That section provides that any person who has previously had his or her license suspended for refusing to submit to a lawful breath, urine, or blood test, and who refuses to submit a second time when there is probable cause to suspect the driver is under the influence, is guilty of a misdemeanor. § 316.1939, Fla. Stat. (2013).

Williams filed a motion to dismiss the refusal to submit charge, arguing that the statute is unconstitutional as applied to him. For purposes of the motion, the parties stipulated that: (1) the police had probable cause to ask Williams to submit to a breath test; (2) the initial stop of Williams's vehicle was lawful; (3) Williams refused to take the breath test; (4) Williams's driving record reflected a prior refusal to submit to a breath test; and (5) the motion to dismiss was dispositive as to the refusal to submit charge. The county court denied the motion to dismiss and certified the following question as one of great public importance:

> If the implied[-]consent statute provides consent to search as an exception to the Fourth Amendment warrant requirement, then can that consent be withdrawn by refusal to submit to an otherwise lawful test of breath, blood or urine and can the second such refusal be punishable as a criminal offense?[1]

---

[1] Although the certified question tracks the statutory language by including blood and urine tests as well as breath tests, Williams challenges the statute solely as applied to his refusal to submit charge. It is undisputed that Williams was only asked to undergo a breath test, so we need not address the legality of blood and urine tests. We note, however, that the United States Supreme Court's decision in Birchfield makes clear that blood and urine tests raise more substantial privacy concerns and are not subject to the search-incident-to-arrest exception to the Fourth Amendment's general warrant requirement. See Birchfield v. North Dakota, 136 S. Ct. 2160, 2185 (2016).

The court then accepted Williams's no-contest plea, which specifically reserved the right to appeal the denial of the motion to dismiss. Williams was sentenced to time served.

## Procedural History

In Williams v. State, 167 So. 3d 483 (Fla. 5th DCA 2015), this Court answered the certified question in the affirmative and held that breath-alcohol tests are generally reasonable. Williams sought review in the Florida Supreme Court, which accepted jurisdiction. Williams v. State, 2015 WL 9594290 (Fla. Dec. 30, 2015). While this case was pending, the United States Supreme Court issued its decision in Birchfield v. North Dakota, 136 S. Ct. 2160 (2016), holding, among other things, that breath-alcohol tests administered without a warrant are permissible as searches incident to a lawful arrest for driving under the influence. The Florida Supreme Court then vacated our decision in Williams and remanded the case to this Court for reconsideration in light of Birchfield. Williams v. State, 2016 WL 6637817 (Fla. Nov. 9, 2016). We allowed supplemental briefing and again affirm Williams's conviction.

## Discussion

Birchfield has made our task significantly easier. Under the Florida Constitution, our Fourth Amendment jurisprudence is governed by decisions of the United States Supreme Court. Art. I, § 12, Fla. Const. Thus, we adopt the holding in Birchfield that breath-alcohol tests are permissible under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement. We once again answer the certified question

3

in the affirmative as applied to Williams and affirm his conviction. See Birchfield, 136 S.

Ct. at 2184–85.[2]

AFFIRMED.

SAWAYA and ORFINGER, JJ., concur.

---

[2] In his supplemental brief, Williams requests this Court to remand his case so that he can withdraw his plea. We decline to provide this relief. Williams knowingly entered into his plea agreement to challenge his conviction on constitutional grounds. Absent further review in the Florida Supreme Court, that challenge has now run its course.